## ASH v. UNITED STATES.
### No. 7119.

District Court, D. Massachusetts.

March 11, 1941.

James A. Donovan, of Lawrence, Mass., for plaintiff.

Timothy A. Curtin, Atty., U. S. Dept. of Justice, and William J. Hession, Area Attorney, U. S. Dept. of Justice, both of Boston, Mass., for defendant.

SWEENEY, District Judge.

In this action the plaintiff seeks to recover the benefits of a war risk insurance policy. There is before me a motion to dismiss the petition for failure to bring the action within the prescribed ninety days after the "mailing of notice" of the denial of the claim by the Veterans' Administration.

### Findings of Fact.

The veteran on June 29, 1931, during his lifetime, filed a claim with the Veterans' Administration for the benefits of a war risk insurance policy which had been issued to him during his military service. On August 4, 1934, the veteran died, and the present plaintiff was appointed as the administrator of his estate. On May 4, 1937, the plaintiff, as administrator, made inquiry as to the disposition of the insurance claim filed by the veteran on June 29, 1931, and on June 25, 1937, filed a new and formal claim for the policy benefits.

On July 30, 1937, the claim was denied by the Veterans' Administration, and on that day it mailed a registered letter to the plaintiff advising him of this fact. On September 29, 1937, the Veterans' Administration received notice from the plaintiff that he was appealing from its decision of July 30th. Notwithstanding this notice of appeal, the plaintiff filed the instant suit on October 29, 1937, which was on the ninety-first day after the Administration's notice of denial of the plaintiff's claim was mailed to him.

The statute under which the Government seeks to dismiss this action, 38 U.S.C.A. § 445d, Public Act No. 844, Title IV, Section 404, reads in part as follows: "The claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit."

In the absence of some unusual factor, suit having been instituted on the ninety-first day after mailing of notice of denial, this action cannot lie, and the motion to dismiss must be allowed. Opposing the Government's motion to dismiss, the plaintiff argues that this action was brought within the prescribed ninety-day period. To sustain this contention he urges that a broad construction of the Act would entitle this court to interpret the ninety-day period as a period of three months, and, with this interpretation made, the action was brought within that period, the date of mailing of notice having been on July 30, 1937, and the suit having been filed on October 29, 1937.

While the Act should be construed liberally in favor of the veteran (United States v. Patryas, 303 U.S. 341, 58 S.Ct. 551, 82 L.Ed. 883), we must, nevertheless, recognize that Congress in granting veterans the permission to sue the United States exercised its inherent right to limit such right. The courts cannot enlarge upon the permission which it has granted. Walton v. United States, 8 Cir., 73 F.2d 15; Lynch v. United States, 5 Cir., 80 F.2d 418; Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313. And where Congress has limited the time in which the action can be brought to ninety days, the courts are bound to look to that limitation and no other in testing whether the suit is timely.

### Conclusions of Law.

On the facts disclosed this suit must be dismissed. There was no jurisdiction in the courts to entertain this cause after the ninety-day period had expired. The plain intent of the statute was to give the veteran a ninety-day period within which to determine whether he would appeal administratively from the Administration's decision or file suit in the courts. When that ninety-day period had expired there was no further right to bring suit, unless, as in this case, the veteran had taken an appeal from the Administration's decision. After the ninety-day period, the veteran is bound to perfect his appeal to finality before he can gain a right to sue in the District Courts. This action having been improperly brought, it cannot affect the plaintiff's right of appeal from the Administration's decision. When that appeal has been decided, the plaintiff will have ninety days within which to file an action in the courts, if he so desires.

The Government's motion to dismiss the present action is therefore allowed.