**MATHENY v. PORTER, Price Administrator.**

No. 3352.

Circuit Court of Appeals, Tenth Circuit.

Nov. 26, 1946.

V. G. Seavy, of Pueblo, Colo., for appellant.

Max D. Melville, Regional Litigation Atty., of Denver, Colo., George Moncharsh, Deputy Administrator for Enforcement, David London, Director, Litigation Division, Albert M. Dreyer, Chief, Appellate Branch, and Walter D. Murphy, all of Washington, D. C., for appellee.

Before BRATTON and MURRAH, Circuit Judges, and CHANDLER, District Judge.

BRATTON, Circuit Judge.

This appeal brings here for review a judgment of the United States Court for Colorado. The action was instituted by the Administrator, Office of Price Administration, to recover damages for the sale of used automobiles in the course of trade or business at prices in excess of the ceiling prices in effect at the time, and for an injunction to restrain further violations of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix § 901 et seq. Judgment was rendered for the Administrator for damages in excess of $2600, and the defendant was enjoined from engaging in further acts, practices, or defaults in violation of the Act. The defendant appealed.

The complaint alleged in general language that at all times pertinent thereto the defendant sold motor vehicles in the course of trade or business at prices greater that the maximum prices fixed under the Act. The dates of the several sales relied upon to constitute the cause of action for damages were not set forth. Neither was it pleaded that the sales took place within one year prior to the institution of the action. When the cause came on for trial, the defendant interposed a motion to dismiss the action on the ground that the complaint failed to allege that the cause of action accrued within one year prior to the filing of the suit. The court denied the motion. Section 205(e) of the Act, 50 U.S.C.A.Appendix § 925(e), provides in presently material part that a suit of this kind for damages under the subsection may be brought in any court of competent jurisdiction, and that it shall be brought within one year after the occurrence of the violation of the Act. Ordinarily, a statute of limitation does not confer any right of action, but merely restricts the time within which the right finding its source elsewhere may be asserted. It is not a matter of substantive right. It neither creates the right nor extinguishes it. It affects only the remedy for the enforcement of the right. And unless it affirmatively appears from the face of the complaint that the cause of action is barred by the applicable statute, limitation must be presented by special plea in defense.

But here, section 205(e) creates a new liability, one unknown to the common law and not finding its source elsewhere. It creates the right of action and fixes the time within which a suit for the enforcement of the right must be commenced. It is a statute of creation, and when the period fixed by its terms has run, the substantive right and the corresponding liability end. Not only is the remedy no longer available, but the right of action itself is extinguished. The commencement of the action within the time is an indispensable condition of the liability. Cf. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Midstate Horticultural Co., Inc. v. Pennsylvania R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96.

In a case of this kind brought under the provisions of a statute creating the right of action where none previously existed and

qualifies the right of action by requiring that the suit to enforce it be brought within a limited time, it must affirmatively appear from the face of the complaint that the action was commenced within the prescribed time. State ex rel. Bowles v. Olson, Judge, 175 Or. 98, 151 P.2d 723; Hamilton v. Hannibal & St. J. R. Co., 39 Kan. 56, 18 P. 57; Gulledge v. Seaboard Air Line R. Co., 147 N.C. 234, 60 S.E. 1134, 125 Am. St.Rep. 544; Bowery v. Babbit, 99 Fla. 1151, 128 So. 801; Lapsley v. Public Service Corporation of New Jersey, 75 N.J.L. 266, 68 A. 1113; Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 113 A. 202; State for use of Dunnigan v. Cobourn, 171 Md. 23, 187 A. 881, 107 A.L.R. 1045; Sharrow v. Inland Lines, 214 N.Y. 101, 108 N.E. 217, L.R.A.1915E, 1192, Ann.Cas.1916D, 1236; Hartray v. Chicago Rys. Co., 290 Ill. 85, 124 N.E. 849; American R. Co. of Porto Rico v. Coronas, 1 Cir., 230 F. 545, L.R.A. 1916E, 1095; John F.Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, certiorari denied, 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876; Bowles v. American Distilling Co., D.C., 62 F.Supp. 20. Insofar as it related to the recovery of damages, the complaint was fatally defective in its failure to show that the suit was commenced within one year after the cause of action accrued, and therefore the denial of the motion to that extent constituted error.

■ The remaining question concerns itself with the action of the court in denying the defendant the right to introduce any evidence in his own behalf on the merits. The parties agreed at a pretrial conference that they would enter into a stipulation of the issues remaining in the case, but no order was entered and the stipulation was not entered into. At a later pretrial conference, the attorney for the Administrator exhibited to the court a copy of a letter which he had written to the attorney for the defendant. The letter purported to detail the several transactions on which the action for damages was predicated, and there was discussion by the court and the attorneys item by item of the transactions as outlined in the letter. The defendant admitted some of the facts as outlined, stated that he was without information as to some, and denied others. Although the court stated near the conclusion of the pretrial proceedings that the defendant would not be required to reply directly to the letter, an order was entered which provided, among other things, that the defendant should within five days write a letter to plaintiff "admitting, denying, and furnishing such information as is requested in said letter, if available." Apparently a letter was written but it is not in the record. When the case came on for trial on the merits both parties announced ready. After some intermediate proceedings, reference was again made to the letter written to the attorney for the defendant and it was stated that the defendant had furnished the Administrator the information as to three items but nothing else. It was further stated that as the result of the failure to make full reply to the letter as required by the pretrial order, the Administrator had been obliged to subpoena witnesses for the trial, and it is fairly apparent that the witnesses were then present in court. The court stated that some penalty should be imposed upon defendant for his failure to comply with the pretrial order, and that as such penalty the defendant would be denied the right to introduce any evidence relating to any matter that was called for by the letter. And although the letter was never introduced in evidence, and though nothing else was offered as proof in support of the cause of action, the court straightway treated the letter as prima facie evidence of the facts stated therein. The court had power to discipline the defendant for failing to comply with the pretrial conference order. And in the exercise of that power, the court was clothed with reasonable discretion in determining what measure of discipline was appropriate and should be imposed. The court might well have required the defendant to pay all costs incurred in connection with the presence of the witnesses in court, might well have taxed against defendant all costs incurred up to that time, or might well have imposed some other reasonable exaction. The withdrawal from defendant of the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case seems drastic. But, as already indicated, the judgment must be reversed on account of the defect in the

complaint previously discussed. If the complaint is amended in a manner to overcome the defect, the defendant doubtless will promptly write the letter required by the pretrial conference order. His failure to write it within the period fixed in the order doubtless will not delay the further proceedings in the cause and will not inconvenience the court in the administration of its business, either in this case or in others. And there is nothing in the record to indicate that the defendant will again be denied the right to introduce evidence in his own behalf. Accordingly, we think it is unnecessary to determine whether the action of the court complained of was warranted in the then existing circumstances.

The judgment is reversed and the cause remanded.