**Daisy ZELLER and Leslie Zeller, Plaintiffs,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 6147.**

United States District Court
N. D. New York.

Nov. 7, 1956.

616

John F. Kelly, Cohoes, N. Y., for plaintiffs.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for defendant.

BRENNAN, Chief Judge.

This action involves a controversy relative to certain benefits claimed to be due the plaintiffs under the provisions of the Social Security Act. Plaintiffs have pursued the administrative procedures provided thereunder and a final decision was made which in effect denied the plaintiffs the relief sought.

The action is brought under the provisions of Title 42 U.S.C.A. § 405(g) to review the above decision which was made after a hearing. The above section provides that a party " * * * may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Administrator may allow".

The decision here involved was mailed to the plaintiffs by registered mail on Apr. 13, 1956. Enclosed therewith was a letter, dated Apr. 13, 1956, from the

Chairman of the Appeals Council, a part of which is as follows: "If you desire a review of the referee's decision by a court, you may commence a civil action in the district court of the United States in the judicial district in which you reside within sixty days from this date". This action was commenced by the filing of the complaint in the Clerk's office on June 13, 1956, F.R.Civ.P. 3, 28 U.S.C.A., sixty-one days from the date of the mailing of the notice of the decision.

The defendant's motion to dismiss is urged principally upon the ground that the court lacks jurisdiction over the subject matter of this action. The motion also seeks dismissal of the complaint upon the ground that it fails to state a claim upon which relief can be granted since it does not allege that the action was commenced within sixty days after the mailing of notice to the plaintiffs of the final decision.

■ Although the second contention would seem to be valid, Matheny v. Porter, 10 Cir., 158 F.2d 478; Berry v. Heller, D.C., 79 F.Supp. 476, such a defect could be cured by amendment and the decision here may better rest upon the determination of the question of jurisdiction.

■ No authority is necessary to support the statement that this action is in effect an action against the government and that its waiver of immunity from suit must be strictly construed.

■ The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such provisions operate as a condition of liability rather than as a period of limitation. These principles are expressed in many reported cases. Coy v. Folsom, 3 Cir., 228 F. 2d 276, at page 279; Scott v. Railroad Retirement Board, 7 Cir., 227 F.2d 684; Leimer v. Woods, 8 Cir., 196 F.2d 828, at page 837; Ewing v. Risher, 10 Cir.,

176 F.2d 641; Matheny v. Porter, supra; Berry v. Heller, supra. Where the government conditionally waives its immunity from suit, there exists no discretion in this court to nullify the conditions imposed. Hobby v. Hodges, 10 Cir., 215 F.2d 754, at page 757; Frost v. Ewing, D.C., 13 F.R.D. 432; Ash v. U. S., D.C., 37 F.Supp. 464.

The plaintiffs' contention in opposing the motion seems to be based upon a misconception of the principle of law involved. The language of the statute, which authorizes the action, is ignored and the argument is made that the date of the receipt of the notice of the decision, rather than the date upon which it is mailed as provided in the statute, should be the commencement date of the sixty day period. It is also urged that since the notice of decision was served by mail, three days should be added to the period within which the action should be commenced.

■ The plaintiffs rely upon the provisions of Rule 6(a) and 6(e), F.R.Civ.P. No case is cited which supports such arguments and, in my opinion, the rules invoked do not apply. Rule 82, F.R.Civ. P., provides that the Rules shall not be construed to extend or limit jurisdiction of the United States District Courts. It follows that jurisdiction of this action must exist in this court before the rules may apply thereto. Edwards v. E. I. Du Pont De Nemours Co., 5 Cir., 183 F.2d 165, at page 168. Plaintiffs' contentions in effect seek to graft upon the statute authorizing the action the provisions of the Rule in order that this court may obtain jurisdiction in the first instance. This argument plainly contravenes the provisions of Rule 82, above referred to.

■ It is concluded that the court lacks jurisdiction of the subject matter of this action and that the defendant's motion to dismiss should be granted, and it is

So ordered.