Otha L. **SANDRIDGE**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare.**

Civ. A. No. 463.

United States District Court
M. D. Tennessee,
Columbia Division.

Sept. 11, 1959.

Joe W. Henry, Jr., of Henry & Henry, Pulaski, Tenn., for plaintiff.

Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., for defendant.

WILLIAM E. MILLER, Chief Judge.

This cause is before the Court upon defendant's motion to dismiss and plaintiff's motion for leave to amend the complaint.

Plaintiff brought the action under Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)), seeking review of a decision of the Secretary of Health, Education, and Welfare denying plaintiff certain relief he had sought under the provisions of the old age and survivors insurance provisions of the Act.

So far as is pertinent here, Section 205(g) of the Act (42 U.S.C.A. § 405 (g)), provides as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, * * *."

It is conceded that the complaint was filed on the last day of the sixty-day period within which the action could have been brought under the Act.

The action was brought against "Marion B. Folsom, Secretary of Health, Education, and Welfare", and, as set

forth in the complaint, he was "sued in his official and representative capacity". However, the defendant Marion B. Folsom had vacated the office of Secretary of Health, Education, and Welfare and had been succeeded in office by Arthur S. Flemming nineteen days prior to the filing of the complaint.

The grounds for defendant's motion to dismiss are that the defendant Marion B. Folsom was not Secretary of Health, Education, and Welfare at the time the action was filed; that Arthur S. Flemming, who was the Secretary of Health, Education and Welfare at the time the action was brought and who was then the only proper defendant in an action brought under Section 205(g) of the Act, the only civil action authorized on a claim arising under Title II of the Act, was not made a party defendant at the time the action was brought; that Arthur S. Flemming, Secretary of Health, Education, and Welfare, an indispensable party, cannot now be made a party to the action, the sixty days within which such an action could have been brought against him having expired; and that the court lacks jurisdiction over the subject matter of the action.

After the motion to dismiss was filed, plaintiff moved for leave to amend the complaint by substituting Arthur S. Flemming, in his official capacity, as the proper party defendant in the place and stead of Marion B. Folsom; or, in the alternative, to amend the caption of the complaint by striking therefrom the name of Marion B. Folsom.

Counsel for plaintiff, in support of the motion to amend, have cited a number of cases that they submit, though not precisely in point, are analogous.[1] These cases, however, deal mainly with abatement and revival of particular actions, and with the construction and ap-plication of Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and are not deemed to be applicable to the motions now before the Court.

Rule 25(d) of the Federal Rules of Civil Procedure is, in part, as follows:

> "(d) Public Officers; Death or Separation from Office. When an officer of the United States * * * is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. * * * *"

This rule, by its own terms, is applicable only to an action pending against an official who ceases to hold office during the pendency of the action. The rule is not applicable here, as the defendant Marion B. Folsom ceased to hold office before the action was brought, and not during its pendency.

Counsel for plaintiff concede that, as held by the District Court for the Northern District of New York in Zeller v. Folsom, D.C., 150 F.Supp. 615, this is, in effect, an action against the United States. They submit, however, that under the authority of Carroll v. Social Security Board, 7 Cir., 128 F.2d 876, and Willard v. Hobby, 3 Cir., 134 F.Supp. 66, the Act must be liberally construed in favor of those seeking its benefits. The Carroll and Willard cases, however, do not reach the jurisdictional question with which the Court is now confronted.

Zeller v. Folsom, supra, was an action brought under Section 205(g) of the Social Security Act. The complaint was filed sixty-one days after the mailing to the plaintiff of notice of the Secretary's

---

1. United States ex rel. J. Deavers v. Missouri, K. & T. R. Co., 5 Cir., 171 F.2d 961; Chin Chuck Ming v. Dulles, 9 Cir., 225 F.2d 849; Chew Yin v. Acheson, 7 Cir., 216 F.2d 60; Northwestern Lumber & Shingle Co. v. United States, 10 Cir., 170 F.2d 692; United States v. Saunders Petroleum Co., 8 Cir., 7 F.R.D. 608; Fleming v. Goodwin, 8 Cir., 165 F.2d 334; Seven Oaks v. Federal Housing Administration, 4 Cir., 171 F.2d 947; Ralph D'Oench Co. v. Woods, 8 Cir., 171 F.2d 112.

decision. Plaintiff moved to dismiss upon the ground that the court lacked jurisdiction over the subject matter, the action not having been brought within the sixty-day period provided in the Act. In opposing the motion to dismiss, plaintiff argued that the date of the receipt of the notice of the decision, rather than the date on which it was mailed as provided in the statute, should be the commencement date of the sixty-day period. In granting the motion to dismiss, the court said:

"No authority is necessary to support the statement that this action is in effect an action against the government and that its waiver of immunity from suit must be strictly construed.

"The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such provisions operate as a condition of liability rather than as a period of limitation. These principles are expressed in many reported cases. Coy v. Folsom, 3 Cir., 228 F.2d 276, at page 279; Scott v. Railroad Retirement Board, 7 Cir., 227 F.2d 684; Leimer v. Woods, 8 Cir., 196 F.2d 828, at page 837; Ewing v. Risher, 10 Cir., 176 F.2d 641; Matheny v. Porter, supra [10 Cir., 158 F.2d 478]; Berry v. Heller, supra [D.C., 79 F.Supp. 476]. Where the government conditionally waives its immunity from suit, there exists no discretion in this court to nullify the conditions imposed. Hobby v. Hodges, 10 Cir., 215 F.2d 754, at page 757; Frost v. Ewing, D.C., 13 F.R.D. 432; Ash v. U. S., D.C., 37 F.Supp. 464." [150 F.Supp. 617.]

■ Another well-established principle of law upon which the rulings on the present motions must turn is that an amendment bringing in an indispensable new party is, in effect, the commencement of a new and independent proceeding. Davis v. L. L. Cohen Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Schram v. Poole, 9 Cir., 97 F.2d 566, 572.

■■ It is unnecessary to cite other authority to the effect that statutes waiving the government's immunity from suit are to be strictly construed; and that an amendment bringing in a new party is, in effect, the commencement of a new action and cannot be allowed after a statute of limitations has run or after the time within which the government consents to be sued has expired.

Thus, the question now before the Court narrows itself to whether this action was brought against the proper and necessary party. The Court must hold that it was not. The plaintiff has sued "Marion B. Folsom, Secretary of Health, Education, and Welfare, * * * in his official and representative capacity," at a time when the said Marion B. Folsom was not Secretary of Health, Education, and Welfare and occupied no official position, and, therefore, could not be sued in this action.

Authority for the views herein expressed is the holding of the United States District Court for the Eastern District of South Carolina in the case of Lemmon v. Social Security Administration, 20 F.R.D. 215, 217, in which the plaintiff sought an order requiring payment of a social security pension. The action was brought against the Social Security Administration and failed to name the Secretary of Health, Education, and Welfare as a party defendant. The defendant moved to dismiss, one of the grounds for the motion being "that Oveta Culp Hobby, Secretary of Health, Education, and Welfare, is the only proper party against whom suit can be brought pursuant to Section 405(g) [Section 205(g) of the Social Security Act], this being the jurisdictional section alleged in the complaint, and said Oveta Culp Hobby is an indispensable party who has not been made a party defendant." Other grounds for the motion related to the service of process. The Court said:

"Even if proper service of process has been made, this action could not be maintained. Provision for judicial 'review' of 'final' decisions on claims for benefits, under Title II of the Social Security Act (hereinafter referred to as 'the Act'), is made in, and expressly limited by, Section 205(g) and (h) of said Act, 42 U.S.C.A., § 405(g) and (h). The remedy provided by Section 205 (g) of the Act is obviously exclusive. * * *

"It therefore clearly appears that an action under Section 205(g) of the Social Security Act may be brought only against the Secretary of Health, Education, and Welfare, who is not only an indispensable party but is the only proper party defendant."

The opinion of the Court of Appeals for the Third Circuit in Poindexter v. Folsom, 242 F.2d 516, necessarily rested upon the conclusion that the incumbent Secretary was the necessary and indispensable party defendant. In that case, the Court held that defendant's motion to dismiss must be granted because the incumbent Secretary, Marion B. Folsom, was not seasonably substituted for his predecessor, Oveta Culp Hobby, against whom the action was originally brought and who had vacated the office during the pendency of the action. To the same effect is Chavers v. Hobby, D.C., 19 F.R. D. 393.

Counsel for plaintiff have strongly urged that the "unnecessary, unreasonable and unrealistic time consumed by the Department of Health, Education, and Welfare," in passing on plaintiff's claim was a contributing if not the proximate cause of plaintiff's mistake in bringing the action against the former Secretary. This, even if true, cannot be considered by the Court in passing upon the motions.

"The United States may not be sued except in strict accord with the conditions which it has imposed, and neither action nor neglect on the part of governmental officers may extend the time for suit which Congress has limited." Anderegg v. United States, 4 Cir., 171 F.2d 127, certiorari denied 336 U.S. 967, 69 S.Ct. 937, 93 L.Ed. 1118.

For the reasons stated herein, the Court is of the opinion that the motion for leave to substitute Arthur S. Flemming, Secretary of Health, Education, and Welfare, as the party defendant must be overruled.

Plaintiff's motion in the alternative for leave to amend the caption of the complaint by striking therefrom the name of Marion B. Folsom must also be overruled. Such amendment, if it accomplished the purpose for which it is sought, would, in effect, bring in the present Secretary, Arthur S. Flemming, as a new party defendant.

An order will be submitted accordingly.