**Winifred BENJAMIN, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary, Department of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 62–53–C.**

United States District Court
D. Massachusetts.

May 22, 1962.

Winifred Benjamin, pro se.

W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., Paul A. M. Hunt, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

Plaintiff, proceeding pro se, filed a paper denominated "An Action by Winifred Benjamin against The Department of Health, Education and Welfare, Social Security Administration." The document, consisting of sixteen paragraphs, each of which begins with the word "For," might well be construed as an action in sixteen separate counts, since each paragraph purports to set out some action of which the plaintiff complains.

Paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 complain of various things done or not done by officials of the Miami, Florida,

Social Security Office. Paragraphs 10, 11, 12, 13, 14, and 15 complain of the conduct of a Hearing Examiner of the Boston, Massachusetts, Social Security Office. Paragraph 16 complains of the failure of the Appeals Council to grant plaintiff a hearing on her appeal from the Hearing Examiner's decision, to the effect that she was not entitled to increased Social Security benefits for nursing services provided by her to one Mr. Nelson for a period of 18 months at $75.00 per week.

In sum, though inartistically drawn, the complaint, in the light most favorable to plaintiff, is susceptible of the construction that plaintiff

(1) seeks to appeal the denial of increased Social Security benefits by the Secretary;

(2) seeks to recover for invasion of her right of privacy; and

(3) seeks to recover for libel.

The Secretary, Department of Health, Education and Welfare, moved to dismiss the complaint and for judgment, upon the ground that plaintiff has failed to bring herself within the requirements of 42 U.S.C.A. § 405(g), which requires that any civil action to review a final decision by the Secretary "must be commenced within sixty days after the mailing to him (the individual seeking to bring the action) of notice of such decision, or within such further time as the Secretary may allow."[1]

It appears from an affidavit filed in support of the motion to dismiss that the Hearing Examiner rendered his decision adverse to plaintiff and mailed a copy thereof to plaintiff on October 26, 1959. It likewise appears that on December 29, 1959, the Appeals Council denied plaintiff's request for review of such decision and sent a copy of this denial to plaintiff by certified mail. It further appears that this letter of December 29, 1959 contained the following language:

"If you desire a review of the Hearing Examiner's decision by the Court, you may commence a civil action in the District Court of the United States in the Judicial District in which you reside within sixty days from this date."

The affidavit establishes that at no time did the Secretary grant an extension of the sixty-day period specified in 42 U.S.C.A. § 405(g), nor was any request for an extension ever received by the Secretary.

█ From the foregoing it appears that the time for filing civil action in this case to review the Hearing Examiner's decision expired on February 26, 1960, and the complaint herein was not filed until January 23, 1962, almost two years later. To the extent that plaintiff seeks a review of the Secretary's decision, the action must be dismissed because of plaintiff's failure to file the action within the sixty days allowed by the statute. Hobby v. Hodges, 215 F.2d 754 (10 Cir. 1954); Zeller v. Folsom, 150 F.Supp. 615 (D.C.N.Y.1956).

█ To the extent that plaintiff's complaint may be fairly construed as seeking recovery for an act of libel, the complaint must likewise be dismissed as an attempt to bring an unconsented-to action against the United States. See 28 U.S.C.A. § 2680(h).

Finally, paragraph 4 of the complaint, which refers to invasion of the right of privacy, discloses that the thrust of plaintiff's complaint is against the James Archer Smith Hospital, of Homestead, Florida, which released information about her physical condition to officials of the Social Security Office in Miami, Florida. This paragraph makes no allegation of wrongful conduct on the part of Social Security officials in receiving the information, but expressly alleges that the "Hospital had no ethical or legal right to disclose." It further appears, from paragraph 5, that plaintiff has filed an action for libel against the Hospital in the State Courts of Florida.

---

1. Government counsel chose to ignore the two tort theories alleged in the "action."

534

The mere receipt of information by the Social Security officials concerning the health of plaintiff, an applicant for benefits, would appear to be within the scope of their ordinary duties and to that extent privileged. In addition, no disclosure by them is alleged.

The complaint does not state a cause of action for invasion of privacy with regard to the Social Security officials. Restatement of Torts, Section 867.

Motion to dismiss allowed. Complaint dismissed without costs.