387 P.2d 239

Guinn RASBURY, Plaintiff and Respondent,

v.

Marvin L. BAINUM, Defendant and Appellant.

No. 9836.

Supreme Court of Utah.

Dec. 10, 1963.

McBroom & Hyde, Salt Lake City, for appellant.

Gustin, Richards & Mattsson, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff brought suit against defendant alleging two causes of action: (1) on a promissory note and (2) for services rendered. Defendant filed a general denial and counterclaimed seeking an accounting. The lower court dismissed plaintiff's first cause of action, awarded him a judgment on the second, and dismissed defendant's counterclaim.

Defendant appeals from the judgment for services rendered and from the order dismissing his counterclaim. Plaintiff cross-appeals from the order dismissing his first cause of action.

The transactions between the parties leading to this lawsuit took place in Houston, Texas. The defendant was, in 1957, the operator of the Club Silver Key, a corporation, which retained the services of plaintiff as accountant. The Club Silver Key was dissolved and in the spring of 1958 defendant took over the Tanglewilde Key Club as a sole proprietorship. Plaintiff continued to serve as accountant for defendant.

The Tanglewilde Club began experiencing financial difficulty and defendant began borrowing money from plaintiff. Defendant signed a promissory note, dated July 7, 1958, in the amount of $3,838.70. As security for said note, defendant executed an assignment of the Club's accounts receivable. He subsequently executed two further assignments of accounts receivable that accrued after the first assignment. The note was made payable to plaintiff, but the assignments were made to "Guinn Rasbury d/b/a Houston Factors Company."

Defendant does not deny the execution of the note or its underlying obligation. However, it is his position that the plaintiff was to collect, and did collect, the accounts receivable, applying them to the note. It is also his contention that the plaintiff liqui-

dated the business and owes him an accounting.

It is uncontested that the defendant left the city of Houston in the latter part of October, 1958, and sought employment elsewhere. It is contested as to the role plaintiff was to play upon defendant's departure. According to defendant, the plaintiff was to wind up the affairs of the Club, sell the assets, and pay the creditors. This, the plaintiff denies.

With respect to plaintiff's first cause of action, we think the lower court properly dismissed the same. Defendant had made demand upon plaintiff to produce the books and records in the latter's possession relating to the business affairs of defendant and the Tanglewilde Club. These were not produced, and at the pretrial conference, the court ordered plaintiff to "furnish the defendant all books and records of the defendant now in the possession of the plaintiff, and unless he does so at least ten days prior to the date of trial, the plaintiff will be denied the right to use any of the books and records in connection with establishing his case or any defense thereto."

Plaintiff did not comply with the foregoing order and at the trial gave as an explanation that possibly the books and records had been stolen from his Houston office. The lower court justifiably held that plaintiff's excuse was "not worthy of consideration." By failing to produce the books and records, plaintiff would effec-

**64**

tively prevent defendant from asserting his claimed defense. The court's dismissal of this cause of action was proper.[1]

We are of the opinion that the court should have also dismissed plaintiff's second cause of action for services rendered. As an accountant, plaintiff occupied a position of trust with the defendant. It appears from the record that he was more than just defendant's accountant. He loaned money to defendant and on occasion paid the wages of some of the employees of the Club. He was also authorized to sign checks, and did so, upon the Club's bank account. We have held that a real estate broker who failed to discharge his duty to his principal with reasonable care and diligence was precluded from recovering for services rendered.[2] The same reasoning is applicable here. The plaintiff was acting in a fiduciary capacity and has failed and refused to account to the defendant or produce the books and records.

It follows from the foregoing that the defendant is entitled to an accounting, and that the lower court erred in dismissing his counterclaim.

Reversed and remanded for proceedings consistent with this opinion. Costs to the defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

1. Rule 16, U.R.C.P., Matheny v. Porter (10 C.C.A.) 158 F.2d 478.

2. Reese v. Harper, 8 Utah 2d 119, 329 P. 2d 410.