Natalie **BOWEN**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE**, Defendant.

No. 5915.

United States District Court
W. D. Michigan, S. D.

Nov. 22, 1968.

Running, Wise & Wilson, Traverse City, Mich., for plaintiff; Patrick J. Wilson, Traverse City, Mich., of counsel.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., for defendant.

OPINION

FOX, District Judge.

This court has before it a motion to dismiss in the matter of Natalie Bowen v. Secretary of Health, Education and Welfare, Civil Action No. 5915, which was filed by the defendant on October 1, 1968. A reply brief not having been filed by plaintiff within the ten day time period prescribed in Local Rule 6(b), and no request for an extension of time having been made, the court, upon its own mo-

tion pursuant to Local Rule 6(b), will proceed to dispose of the motion to dismiss by an appropriate order.

Plaintiff, in this action, seeks judicial review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim to disability benefits under Title II of the Social Security Act. The exclusive remedy for judicial review of a final decision of the Secretary is provided by subsections 205(g) and (h), 42 U.S.C., subsections 405(g) and (h), which provide in pertinent part:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow. * * *

(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 [the section of the Judicial Code defining the jurisdiction of the Federal district courts which has been superseded by section 1331 et al. of new Title 28 U.S.C.A.] to recover on any claim arising under this subchapter." (Emphasis supplied.)

On November 30, 1967, a hearing examiner rendered his decision denying plaintiff any disability benefits and mailed a copy of this decision to her on the same day. Plaintiff requested a review and on February 29, 1968, the Appeals Council sent, by certified mail, their decision affirming the hearing examiner. The decision also informed plaintiff that she could seek judicial review of their determination by filing a civil suit within sixty days from the date of the Appeal Council's decision.

At plaintiff's request, the Appeals Council, on April 19, 1968, extended the time in which to commence a civil action to June 28, 1968. The time limitation was again extended to July 31, 1968, on July 5, 1968 (although the original extension had already expired on June 28), at the request of plaintiff's attorney. Plaintiff's attorney placed a copy of the complaint in the mail on July 30 or 31, and it was received and filed by the court clerk on August 1, 1968.

The Sixth Circuit has held that the time limitation imposed by subsection 205(g), 42 U.S.C. § 405(g), "operate[s] as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled." Bomer v. Ribicoff, 304 F.2d 427, 429 (6th Cir.1962). As such, the time limitations are jurisdictional considerations. Bomer v. Ribicoff, supra; Jamieson v. Folsom, 311 F. 2d 506, 508 (7th Cir.1963); Coy v. Folsom, 228 F.2d 276, 279–280 (3rd Cir. 1955); Ewing v. Risher, 176 F.2d 641, 644 (10th Cir.1949).

The fact that plaintiff's attorney mailed the complaint within the extended period is of no consequence, even under Rule 6 of the Federal Rules of Civil Procedure which permits the addition of three additional days to a prescribed period of notice in certain instances. This is so because Rule 82 expressly provides that the Rules shall not be construed to extend or limit the jurisdiction of the United States District Courts. Zeller v. Folsom, 150 F.Supp. 615, 617 (N.D.N.Y. 1956); Robinson v. Celebrezze, 237 F. Supp. 115, 116 (E.D.Tenn.1964).

In Johnson v. Flemming, 264 F.2d 322 (10th Cir.1959), although the court permitted the filing of suit on the sixty-first day, the court was careful to limit its holding only to those instances in which the final day to file suit occurs on

a Sunday, which is not the situation in the case at bar.

This court also takes notice of the fact that the Secretary granted two extensions in this case for plaintiff's benefit, in one instance after the time for filing had expired. Plaintiff cannot complain now that dismissal of this action because of a one day delay in filing would be inequitable. It has been held that the filing of a complaint on the sixty-first day is a ground for dismissal on the basis of a lack of jurisdiction. Frost v. Ewing, 13 F.R.D. 432 (M.D.Pa. 1953); Zeller v. Folsom, 150 F.Supp. 615 (N.D.N.Y.1956).

Therefore, for the abovementioned reasons, this civil action is dismissed for lack of jurisdiction.

It is so ordered.