**King ROSS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 2104.**

United States District Court, E. D. Kentucky, Lexington Division.

March 27, 1970.

Fowler, Rouse, Measle & Bell, by Darrell Hancock, Lexington, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., by J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM AND ORDER

SWINFORD, District Judge.

The motion of the defendant to dismiss the complaint is sustained. 42 U.S.C. § 405(g); Bomer v. Ribicoff, 6 Cir., 304 F.2d 427; Robinson v. Celebrezze, D.C., 237 F.Supp. 115; Bowen v. Secretary, etc., 46 F.R.D. 41.

The complaint was filed on December 31, 1969. It seeks to review a decision of the Secretary of the Department of Health, Education and Welfare which became final on October 29, 1969. The statute under which the action is brought provides expressly that a review of the decision must be commenced within sixty days after the mailing to him of notice of such decision. The defendant in support of his motion to dismiss files the affidavit of Charles M. Erisman, Acting Chairman of the Appeals Council and Acting Director of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare.

In his affidavit Mr. Erisman states:

"On October 29, 1969, the Appeals Council sent, by certified mail addressed to the plaintiff at Route 2, Nicholasville, Kentucky 40356, notice of its action on the plaintiff's request for review and of his right to com-

mence a civil action within sixty (60) days (Exhibit 1).

"(b) No extension of the sixty days' time specified in said notice (and in section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. section 405(g)) for the commencement of a civil action was ever granted to the plaintiff, nor did he ever file such request for an extension of time for the commencement of such action."

On February 20, 1970, this court gave the plaintiff until Monday, March 23, 1970, at 4:00 P.M., to file an answering brief or memorandum in opposition to the "Memorandum of Law" filed by the defendant in support of his motion to dismiss. To date no response has been filed.

Since the record, which is undisputed, discloses that the notice of the final decision of the Secretary was mailed to the plaintiff on October 29, 1969, and that the complaint was not filed until December 31, 1969, this court is without jurisdiction to entertain the action. The sixty-day period for review in social security cases is jurisdictional and review by the district court cannot be had after this time. The time limitation imposed by the statute "operate[s] as a condition of liability rather than as a period of limitation and there can be no recovery unless the condition precedent is fulfilled." Bomer v. Ribicoff, supra.

This action is dismissed at the cost of the plaintiff.