**EASTER SEAL SOCIETY FOR
DISABLED CHILDREN, et
al., Appellants,**

v.

**Jeffrey R. BERRY, et al., Appellees.**

**No. 92–PR–263.**

District of Columbia Court of Appeals.

Argued April 26, 1993.
Decided June 14, 1993.
As Revised June 25, 1993.

Jeffrey I. Zuckerman, Washington, DC, for appellants.

Robert L. Weinberg, with whom Raymond C. Ortman, Jr., Nathaniel S. Preston, and Lipman Redman, Washington, DC, were on the brief for appellees.

Before STEADMAN, SCHWELB, and KING, Associate Judges.

KING, Associate Judge:

Appellants appeal from a Superior Court order dismissing with prejudice their complaint challenging the validity of a will. Appellants contend that the trial court erred in dismissing their complaint either on the ground that it was not filed in a timely manner or that it was improperly verified.[1] We agree with appellants and reverse the order of the trial court.

## I.

The action in the trial court was initiated to contest the validity of the Last Will and Testament of Sue L. Firestone, dated February 10, 1987, on the ground that Ms. Firestone was not "of sound and disposing mind" when she executed the will. The

---

1. The trial judge's brief order did not explain his ruling or which of appellees' contentions he was adopting.

1987 will purported to replace Ms. Firestone's prior will, dated September 10, 1970, which had directed that her estate, after payment of all just debts and funeral expenses, be distributed to a number of charities specified in that will. Appellants are beneficiaries named in Ms. Firestone's 1970 will, who were not named as beneficiaries in the 1987 will.

Following Ms. Firestone's death on January 11, 1991, the Superior Court appointed appellee Jeffrey R. Berry on April 24, 1991, as the personal representative of Ms. Firestone's estate, and admitted her will to probate. *See* D.C.Code §§ 20–311, –312 (1989). The notice of appointment was first published on May 9, 1991, and it provided, *inter alia*, that any objections to the probate of the decedent's will must be filed on or before November 9, 1991. November 9, 1991 was a Saturday.

On November 12, 1991, appellants filed a complaint contesting the validity of the 1987 will, contending that Ms. Firestone was not of sound mind when she executed it. Appellees filed a Motion to Dismiss Complaint to Contest the Validity of a Will for Lack of Jurisdiction. They argued that the complaint should be dismissed because: 1) the complaint was not filed within the six-month period prescribed by statute, and 2) the complaint violated the statutory verification requirement since it was verified by an attorney and not by the actual party. In support of their first point, appellees argued that while anyone may file a verified complaint to test the validity of a will "within 6 months following notice by publication of the appointment . . . of a personal representative," *see* D.C.Code § 20–305 (1989), that provision is a "substantive statutory provision enacted by the Council of the District of Columbia" creating the right of action that appellants purport to assert, and is therefore jurisdictional. Accordingly, appellees argued that even though the six-month time period for contesting the will ended on a Saturday, Super.Ct.Civ.R. 6(a) cannot justify filing on the following Tuesday (Monday was Veterans' Day, a legal holiday) because Super.Ct.Civ.R. 82 provides that the Superior Court Rules of Civil Procedure "shall not be construed to

extend . . . the jurisdiction of this court." Under appellees' interpretation, the complaint would have been timely only if it had been filed on or before November 9, 1991.

In support of their second argument, i.e., that verification must "be made and executed by the party seeking to challenge the will," appellees contended in their motion to dismiss that verification by appellants' trial counsel was inadequate. They maintained that officers of the plaintiff corporations, the actual parties to the action, should have verified the complaint, and that failure to provide such verification rendered the complaint insufficient to invoke the jurisdiction of the court under § 20–305.

Appellants, in their opposition to the motion to dismiss, contended that the complaint was timely since D.C.Code § 20–305 permits a complaint to be filed "within 6 months" of the publication of a personal representative, and the six-month time period ended on a Saturday. Appellants maintained that Super.Ct.Civ.R. 6(a) extended the time for filing to November 12, 1991, the day of actual filing, because there was an intervening Sunday and a Monday holiday. They also argued that verification by an attorney was proper under Super.Ct.Civ.R. 9–I, which expressly permits an attorney to provide verification when a corporation is a party. ·

After the motion and response were filed, the trial court entered an order which stated: "Upon consideration of Personal Representative Jeffrey R. Berry's and defendant legatees' Motion to Dismiss Complaint to Contest the Validity of a Will for Lack of Jurisdiction, and any opposition thereto, it is this 5th day of February, 1992, hereby ORDERED that the Motion to Dismiss be GRANTED, and the Complaint is hereby DISMISSED with prejudice." We conclude that the trial court erred in so ordering and we therefore reverse.

## II.

Appellees' contention that Super.Ct.Civ.R. 6(a) is inapplicable to the circumstances of this case is based on two

separate and independent grounds. First, appellees argue that the six-month filing requirement is "jurisdictional," and therefore Rule 6(a) cannot apply to extend that time period since Rule 82 provides that the rules of court may not be construed to extend the jurisdiction of the trial court. Second, appellees argue that even if the filing requirement is a statute of limitation, rather than a jurisdictional element, Rule 6(a) should not be read to apply to statutes of limitation. We reject both contentions.

**a.**

Super.Ct.Civ.R. 6(a) provides that:

[i]n computing any period of time prescribed or allowed by these rules, by order of the court, *or by applicable statute*, the day of the act ... from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days.

(Emphasis added). Appellees first contend that Rule 6(a) is inapplicable to D.C.Code § 20–305, because the six-month period prescribed in the statute is a jurisdictional element of the right of action initiated by appellants. Appellees maintain that because "[t]he very statutory sentence which creates the cause of action to challenge a will includes the condition for its exercise within the prescribed six-month period," that six-month period is a jurisdictional element of the cause of action as opposed to a statute of limitation. In support for that position, appellants rely upon cases describing "statutes of creation." *See, e.g., Ewing v. Risher*, 176 F.2d 641, 644 (10th Cir. 1949) (in a statute of creation, the time limitation "defines and controls the right [of action] and the right ceases to exist if not asserted within the time limit fixed in the statute therefor"); *Matheny v. Porter*,

158 F.2d 478, 479 (10th Cir.1946) (federal price control statute "is a statute of creation, and when the period fixed by its terms has run, the substantive right and the corresponding liability end.... The commencement of the action within the time is an indispensable condition of the liability"); [2] *see also* 54 C.J.S. *Limitation of Actions* § 5 (1987) ("a distinction exists between statutes of limitation and special statutory limitations qualifying a given right in which time is made an essence of the right created.... statutes which create substantive rights unknown to common law and in which time is made an inherent element of the right so created, are not 'statutes of limitation' in the sense of merely suspending the remedy and not the right of action").

■ Appellees then attempt to distinguish between "statutes of creation," i.e., those laws creating a cause of action which include a time limitation in which to initiate the action, and statutes which permit an action to be initiated pursuant to a general statute of limitation e.g., any personal injury claim must be brought within three years of the date of injury (D.C.Code § 12–301(8) (1989)). They concede that there is no District of Columbia authority applying this distinction. Indeed, no such distinction is ordinarily drawn. The general practice is to treat all time limitations as statutes of limitation. *See* 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1163 (1987) (discussing the view that Rule 6(a) "is inapplicable to newly-created statutory remedies" under the *minority view* which holds that the computation provisions of Rule 6 do not apply to statutes of limitation.) We conclude, for the reasons discussed below, that the distinction advanced by appellees is without significance, and that the case law provides significant support for applying Rule 6(a) in the circumstances of this case.

■ In *Watson v. Scheve*, 424 A.2d 1089 (D.C.1980), the applicable statute permitted

---

**2.** *But see United States v. Peters*, 220 F.2d 544, 545–46 (10th Cir.1955) (where federal statute required a claim for a tax refund to be asserted within three years from the date of filing and the three year period ended on a Sunday, peti-

tioner filed a timely claim on Monday because "in the absence of a controlling statute providing otherwise, when the last day of the period fixed for the doing of an act falls on Sunday, it may be done on the succeeding Monday").

the owner of property sold for taxes to redeem such property "at any time within two years after the last day of sale." *Id.* at 1092 (quoting D.C.Code § 47–1005). The two years from the last day of sale ended on a Sunday. The court ruled that the property could properly be redeemed on the following Monday. *Id. Watson* involved a law that would, under appellees' definition, be characterized as a statute of creation since the statute gave the property owner the right to redeem property and simultaneously limited the time in which he was authorized to pursue that right. Similarly in the instant case, D.C.Code § 20–305 defines the right to contest a will and limits the time within which a contest can be instituted. Thus, we conclude, based on *Watson,* that where a statute grants a right and simultaneously limits the time period within which to pursue that right, the time period is not, absent an expression to the contrary in the statute, a jurisdictional element of the cause of action.

■ Moreover, we do not agree that § 20–305 is a statute of creation in the sense that it creates a new right. The right to challenge the validity of a will was codified in the District of Columbia as early as 1901. *See* 31 Stat. 1189, 1212, ch. 854, § 137 (1901). Furthermore, a statute establishing the right to challenge a will is vastly different from one which *literally* creates a right previously unknown. *See, e.g., Ewing v. Risher, supra,* 176 F.2d 641 (suit to recover benefits under Social Security Act, 42 U.S.C.A. § 402); *Matheny v. Porter, supra,* 158 F.2d 478 (involving the Emergency Price Control Act, 50 U.S.C.A. § 901); *Wiss v. Weinberger,* 415 F.Supp. 293 (E.D.Pa.1976) (suit to recover disability benefits under Social Security Act, 42 U.S.C.A. § 301); *Davidson v. Secretary of Health, Education and Welfare,* 53 F.R.D. 270 (N.D.Ok.1971) (same); *Zeller v. Folsom,* 150 F.Supp. 615 (N.D.N.Y.1956) (same). The statutes under review in the cases cited created new causes of action which were not recognized under common law. The right to challenge the validity of

a will, however, is not recent, nor is it apparent that the right would not exist independent of a statute authorizing such a challenge. Accordingly, we reject appellees' contention that § 20–305 created a new right.

■ Finally, we note that even if the statute in question is jurisdictional, it does not follow that a filing limitation cannot be extended. For example, the Supreme Court has held that the time for filing a notice of appeal can be extended if the last day of the time period falls on Saturday. *Jones & Laughlin Steel Corp. v. Gridiron Steel Co.,* 382 U.S. 32, 33, 86 S.Ct. 152, 153, 15 L.Ed.2d 26 (1965). It is settled law that time limits for filing notices of appeal are jurisdictional. *District of Columbia Public Employee Relations Board v. District of Columbia Metropolitan Police Department,* 593 A.2d 641, 643 (D.C.1991) ("time limits for filing appeals with administrative adjudicatory agencies, as with courts, are mandatory and jurisdictional matters") (citations omitted); *Conner v. District of Columbia Bureau of Motor Vehicle Services,* 442 A.2d 957, 958 (D.C.1982) (time limits established by this court are mandatory and jurisdictional) (citations omitted). Thus, even if we agreed with appellees that the six-month period prescribed in § 20–305 was jurisdictional, under the authority of *Jones & Laughlin, supra,* filing time limits can be extended if the final day of the period falls on a Saturday.

### b.

■ In addition, appellees contend that even if the six-month limitation in § 20–305 is a statute of limitation—as we hold that it is—Rule 6(a) may not be applied to permit a filing of the complaint after the Saturday when the six months actually expired. We disagree. "[T]he 'majority rule' is that the Rule 6 exclusion of final Saturdays, Sundays, and legal holidays is applicable to federal statutes of limitations." 4A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *supra,* § 1163.[3]

---

**3.** Because Super.Ct.Civ.Rule 6(a) is virtually identical to FED.R.CIV.P. 6(a), *see* Comment to

Super.Ct.Civ.R. 6, we construe our rule in light of the meaning of the federal rule. *Taylor v.*

Our own cases establish that the rule in the District of Columbia is the same as the majority view, namely, that Rule 6(a) is properly applied to statutes of limitation. *See Poole v. Lowe*, 615 A.2d 589, 592 n. 6 (D.C.1992) (where three-year statute of limitation for a legal malpractice claim ended on a Saturday, under Super.Ct.Civ.R. 6(a) a complaint filed the following Monday would be timely); *Banks v. Chesapeake and Potomac Telephone Co.*, 256 U.S.App. D.C. 22, 24, 802 F.2d 1416, 1418 (1986) (where last day of three-year statute of limitation for a personal injury claim fell on Sunday, FED.R.CIV.P. 6(a) extended the period an additional day); *Jones & Laughlin Steel Corp. v. Gridiron Steel Co., supra*, 382 U.S. at 32–33, 86 S.Ct. at 152–53 (where statute and rules required notice of appeal to be filed within thirty days from judgment and the thirtieth day fell on a Saturday, Rule 6(a) applied thereby permitting filing on the following Monday); *Union National Bank v. Lamb*, 337 U.S. 38, 40, 69 S.Ct. 911, 911, 93 L.Ed. 1190 (1948) (where 28 U.S.C. § 2101(c) required an appeal to the Supreme Court to be instituted within ninety days of entry of a civil judgment or decree, and the ninetieth day fell on a Sunday, the appeal could be filed consistently with Rule 6(a) on the following day)[4]; *see also Watson v. Scheve, supra*,

424 A.2d at 1092 (where two-year period for redemption ended on Sunday, property owner could redeem property the following Monday); *People's Counsel v. Public Service Commission of the District of Columbia*, 451 A.2d 90, 91 (D.C.1982) (where Commission was required to respond to a motion for reconsideration within thirty days or else be deemed to have denied a petitioner's motion, if the thirtieth day fell on a Sunday or legal holiday, the Commission had until the next day which was not a Sunday or legal holiday to respond).[5] We conclude, therefore, in accordance with the great weight of authority in this and other jurisdictions, that Super.Ct.Civ.R. 6(a) is properly construed to apply to statutes of limitation.

■ Appellants' time for filing a complaint expired on a Saturday and Rule 6(a) provides that the filing is timely if filed by the following Tuesday (because of the intervening Sunday and legal holiday). The complaint was in fact filed on that Tuesday and therefore we hold that it was timely under D.C.Code § 20–305.

### III.

Appellants also contend that the trial court erred in dismissing their complaint for inadequate verification. They claim

*Washington Hospital Center*, 407 A.2d 585, 590 n. 4 (D.C.1979); *see also Weiner v. Kneller*, 557 A.2d 1306, 1309 n. 3 (D.C.1989).

**4.** Appellees maintain that *Union National Bank, supra*, and other federal cases applying Rule 6(a) to federal statutes of limitation should not be followed since the statute under review was not enacted by Congress. In *Union National Bank*, the Supreme Court observed that "[s]ince the rule [ (6(a)) ] had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2102(c)." 337 U.S. at 41, 69 S.Ct. at 913. In contrast, appellees argue, "[t]here is no basis to impute to the Council of the District of Columbia an intent to have its statutes interpreted on the basis of considerations embodied in procedural rules which the Council has not adopted or passed upon." Although Super.Ct.Civ.R. 6(a) may not have had the "concurrence" of the Council, the rule was in effect when § 20–305 was enacted and, as in *Union National Bank*, there is no contrary policy expressed in the statute. More-

over, D.C.Code § 11–946 (1989), which was enacted by Congress, provides that unless modified by the court, the Federal Rules of Civil Procedure shall apply in the Superior Court. Thus, contrary to appellees' contention, we find the federal cases applying Rule 6(a) to be persuasive on this issue.

**5.** Appellees' final argument relating to the timeliness of appellants' complaint is that Super.Ct.Civ.R. 6(a) should not apply when a statute of limitation ends on a Saturday because, unlike its federal counterpart, the Superior Court Rules provide for the clerk's office to be open from 9:00 a.m. until noon on Saturdays. See Super.Ct.Civ.R. 77, 77–I. This claim is without merit. *See Poole v. Lowe, supra*, 615 A.2d at 592 n. 6 (Rule 6(a) applied where statute of limitation fell on Saturday); *Jones & Laughlin, supra*, 382 U.S. at 32–33, 86 S.Ct. at 152–53 (Rule 6(a) is not made inapplicable by order of the court of appeals which directed the district court clerk's office to be open for business on Saturday mornings).

that the verification therein meets the requirements of Super.Ct.Civ.R. 9–I.[6] Appellees, however, argue that Rule 9–I is inapplicable to this probate proceeding, and that appellants' verification was insufficient because: 1) a litigating attorney, rather than a party, verified the complaint, and 2) appellants did not satisfy the requirements of D.C.Code § 20–102(a) (1989).

Section 20–305 provides that "any person may file a verified complaint to test the validity of a will...." Appellees argue that this verification requirement "is based on the public policy that imposes an important condition on the right of a party to delay and disrupt the orderly administration of a decedent's estate by instituting a self-seeking challenge." They maintain that public policy requires that *a party* submit the verification in order to "discourage self-seeking will contest complaints" and to ensure that the challenger be appraised of all pertinent facts.

■ D.C.Code § 20–102(a) provides that:

[w]hen a writing is required by this title to be verified, verification shall be sufficient if the writing is signed by the person required to make the verification and contains the following representation:

"I do solemnly declare and affirm under penalty of law that the contents of the foregoing document are true and correct to the best of my knowledge, information and belief."

According to appellees, "the person required to make verification" must be an actual party to the suit. In the present case, the litigating attorney for the corporate plaintiffs signed the verification.[7] Although § 20–102(a) itself does not specify what person is required to provide verifica-

tion, we conclude that when a corporate party is involved, the litigating attorney representing the corporation may properly verify a complaint.

■ Super.Ct.Prob.R. 107(a) provides, *inter alia,* that an action to contest a will in accordance with § 20–305 "may be commenced by any party in interest by filing a verified complaint with the Register of Wills. Except as hereinafter provided the procedure in such actions ... shall be governed by the Superior Court Rules of Civil Procedure." Civil Rule 9–I(c) provides that "a verification ... may be made by an officer, agent *or attorney* ... when a corporation is a party" (emphasis added). Because Probate Rule 107(a) specifically provides that the Superior Court Civil Rules apply in an action pursuant to § 20–305, and because we find no provisions in the probate statute precluding the litigating attorney for a corporation from verifying a complaint, we conclude that Rule 9–I applies in this probate proceeding, and that the complaint should not have been dismissed on that basis.

■ Appellees argue, for the first time on appeal,[8] that the verification submitted by plaintiffs was also inadequate because it did not conform to the requirements of § 20–102. Specifically, appellees contend that the verification did not "declare and affirm *under penalty of law,*" but instead simply recited that trial counsel verily believed the facts in the proceeding to be true. "Only in exceptional cases where injustice might otherwise result will an appellate court be prompted to review questions of law which were not raised at trial." *Wagshal v. District of Columbia,* 430 A.2d 524, 527 (D.C.1981) (quoting *Bullock v. Young,* 118 A.2d 917, 919 (D.C.1955)). Although the presumptive rule that this court

6. Because the trial court order did not state the basis for its dismissal, we must resolve both grounds raised by the appellees in their motion to dismiss.

7. The verification stated:
 Jeffrey I. Zuckerman solemnly, sincerely and truly declares and affirms that he is a member of the Bar of this Court and the attorney for each of the five plaintiffs in this action; that each of the plaintiffs is a corporation; that he has the authority to verify the forego-

ing Complaint to Contest the Validity of a Will on behalf of each of the plaintiffs; that all the plaintiffs are united in interest in this proceeding and plead together; and that he has read the foregoing Complaint to Contest the Validity of a Will and verily believes the facts stated in said pleading to be true.

8. Counsel for appellees conceded at oral argument that they did not present this argument to the trial court.

will not consider questions raised for the first time on appeal normally refers to issues raised by an *appellant*, rather than by the appellee, we conclude, under the circumstances of this case, that the rule should also apply to an appellee who was the moving party below.

 If appellees had raised this claim in the trial court, and if the trial court had found the verification to be inadequate, appellants could then have moved the trial court to allow them the opportunity to submit a proper verification.[9] An imperfect verification is not a jurisdictional defect. *Johnston Broadcasting Co. v. FCC*, 85 U.S.App.D.C. 40, 44, 175 F.2d 351, 355 (1949) (holding that initial failure to verify a complaint can be cured by a subsequent verification, and noting that "[g]enerally speaking, it seems to be held in the state courts that a statutory requirement for a verified pleading is not jurisdictional but can be ... cured by amendment") (footnote omitted citing cases); *In re Royal Circle of Friends Building Corporation*, 159 F.2d 539, 541 (7th Cir.1947) ("precedents hold [ ] that imperfect verification is not a jurisdictional defect") (footnote omitted citing cases); 5A Wright & Miller, Federal Practice and Procedure, *supra*, § 1339 (1990). Accordingly, even though appellants filed their complaint on the last day permitted by the statute of limitation, they could have later filed an amended verification without the action being time-barred. *See Yuri Yajima v. United States*, 6 F.R.D. 260, 262 (E.D.N.Y.1946) (filing of unverified complaint where verified complaint is required tolls the statute of limitation, and defect may be corrected by amendment); *see also* Super.Ct.Civ.R. 15(c) (amendments to complaints relate

back to the date of the original pleading); *Strother v. District of Columbia*, 372 A.2d 1291, 1297–98 (D.C.1977) (the rationale behind Rule 15 is that where a defendant is put on notice that the plaintiff seeks to enforce a claim against him, "there is no cognizable prejudice to the defendant when, after the running of the statute of limitations period, plaintiff is allowed to amend the complaint to reassert the claim that was deficiently stated the first time") (citations omitted).[10] Because the defect, if any, in the verification could have been corrected by an amendment had appellees made this argument below, we conclude that because appellees failed to raise this argument in the trial court, we need not consider it on appeal.[11]

Accordingly, the judgment appealed from is hereby reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed.*

---

**9.** We need not decide whether the verification was improper in its failure to conform to the exact wording of D.C.Code § 20–102.

**10.** Appellees also assert that appellant Crestar's appeal should be dismissed since Crestar did not become a plaintiff until January 10, 1992, well past the expiration of the six-month period of limitation. Crestar originally was named a defendant to the suit, but pursuant to a stipulation became a plaintiff on January 10, 1992. We conclude that, as in the situation where the capacity in which a party is suing changes, the original filing date should apply to Crestar. *See International Tours & Travel, Inc. v. Khalil*, 491

A.2d 1149, 1153 (D.C.1985) ("an amendment correcting the capacity in which a plaintiff is suing relates back to the original filing because there is no change in the parties before the court and all parties are on notice of the facts out of which the claim arose") (internal quotations and citations omitted). Thus, appellees' request to dismiss the Crestar appeal is denied.

**11.** We also hold that appellees' contention that appellants did not comply with Rule 9–I by not setting forth the title of the person verifying the complaint is without merit.