**Blanche PHILLIP**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.**

**Civ. A. No. 30585.**

United States District Court
E. D. Pennsylvania.

May 12, 1962.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., by Mabel G. Turner, Asst. U. S. Atty., for defendant.

WOOD, District Judge.

This is an action brought under Section 405(g) of Title 42 of the United State Code Annotated to review the final

decision of the Secretary of Health, Education and Welfare denying plaintiff certain benefits under the Social Security Act. Section 405(g) confers upon the District Courts of the United States jurisdiction to review the administrative record in order to ascertain whether the Secretary's findings were supported by substantial evidence. That section provides in part as follows:

> "Any individual, *after any final decision of the Secretary* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review 'of such decision *by a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Secretary may allow \* \* \*." (Emphasis supplied.)

The complaint in the case at bar alleges that the final decision of the Secretary was rendered on November 7, 1961, when the Appeals Council denied plaintiff's request for a review of a hearing examiner's denial of benefits to plaintiff. The complaint was filed on November 30, 1961, well within the 60-day period.

The Government has moved to dismiss the complaint on the ground that the suit was not instituted within the 60-day period provided for in the statute. This conclusion is based on the assertion in the Government's motion that the final decision of the Secretary was rendered on September 6, 1960, and was mailed to the plaintiff on that date, and not on November 7, 1961, as is alleged in the complaint. The Government's motion is accompanied by an affidavit which fully explains the administrative procedure followed in this case.

■■ We note first that our power to review the decisions of the Secretary of Health, Education and Welfare is derived exclusively from the Social Security Act (42 U.S.C.A. § 405(g)). The limitations upon that power of review must be strictly adhered to. A failure upon the part of the claimant to commence an action within the 60-day period from the final decision of the Secretary will bar the action. Frost v. Ewing (W. D.Pa.1953), 13 F.R.D. 432; and Zeller v. Folsom (N.D.N.Y.1956), 150 F.Supp. 615. Therefore, if the final decision of the Secretary in the matter before us was rendered on September 6, 1960, as the Government alleges, then the motion to dismiss should be granted.

■ However, it is impossible for the Court to resolve two conflicting allegations as to the date of the final decision of the Secretary by reference to the complaint and the motion alone. As stated above, the Government has submitted an affidavit in support of its contention. However, if we consider the facts recited in the affidavit, the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. require us to treat the motion to dismiss as a motion for summary judgment and to give the plaintiff an equal opportunity to present extraneous matter relevant to the motion for summary judgment.[1]

We shall, therefore, consider the motion as a motion for summary judgment. The plaintiff shall have the opportunity

---

1. The pertinent part of Rule 12(b) provides as follows:

"\* \* \* If, on a motion \* \* \* to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties *shall* be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Emphasis supplied)

In Vol. 2 of Moore's Federal Practice, pp. 2257, 2258, it is stated:

"\* \* \* it is now held that the defense of limitations may be raised by motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period. Even where the defect does not appear on the face of the complaint, defendant should be able to raise it by

to present whatever material she deems relevant to the issue of when the final decision of the Secretary on her claim for benefits was rendered. Meanwhile, the defendant's motion to dismiss the complaint must be denied, as the complaint *on its face* shows no defect or failure to comply with the statutory procedure for review.

motion to dismiss accompanied by affidavits or other material, which Rule 12 (b) now permits the court to treat as a

motion for summary judgment."

See also Hartley Pen Co. v. Lindy Pen Co. Inc., 16 F.R.D. 141 (S.D.Cal.1954).