**Blanche PHILLIP**

**v.**

**Abraham A. RIBICOFF, Secretary of Health, Education, and Welfare.**

**Civ. A. No. 30585.**

United States District Court
E. D. Pennsylvania.

Dec. 13, 1962.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., By: Merna B. Marshall, for defendant.

WOOD, District Judge.

The question before the Court is: Was the instant complaint filed within sixty days of the final decision of the Secretary of Health, Education and Welfare as required by Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g)?

On November 30, 1961, the plaintiff filed a complaint in this Court under the provisions of Section 216(i) and Section 223 of the Social Security Act, as amended, for the purpose of establishing a period of disability and for disability insurance benefits. On February 5, 1962, the Secretary of Health, Education and Welfare, having governmental jurisdiction of the issues involved, through the United States Attorney, filed a motion to dismiss the complaint on the grounds that the Court lacked jurisdiction of the issue; that the action was barred by the time limitation specified in Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g); and, in general terms, that the complaint did not state a cause of action upon which the Court could grant relief. Attached to that motion was an affidavit of Joseph E. McElvain, Chairman of the Appeals Council, Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare.

We heard argument on the motion to dismiss and thereafter, on May 14, 1962, filed a memorandum and order, D.C., 30 F.R.D. 343, in which we concluded that the motion to dismiss should be denied without prejudice, since it appeared after hearing and argument that plaintiff had not had a full opportunity to answer the affidavit filed on behalf of the Government. We stated in that order that any relevant information could be filed within thirty days from that date and that thereafter we would consider the motion to dismiss as a motion for summary judgment. Thereafter, on June 7, 1962, plaintiff filed a motion for summary judgment with an affidavit executed by her attorney, and on August 20, 1962, the defendant moved for summary judgment. Notwithstanding our opinion as expressed originally and throughout these proceedings that the position of the Government was well taken, in the interests of justice, we have given the plaintiff every possible opportunity to refute their position either legally or factually and accordingly held a further hearing on August 29, 1962 on the issues involved.

There still being some doubt in our mind, and with the hope that if it were legally possible so to do, this woman should have an opportunity to have her case heard before this Court on the merits as provided by Section 405(g), we directed the Government to file with the Court the original or verified copies of the original claim for disability and a copy of the application for benefits filed by the plaintiff on November 2, 1960. This was done and has now been docketed in the Office of the Clerk of Courts for the purposes of review, if necessary.

After receiving the above information from the defendant, we were concerned with whether or not the second application filed was, as contended by the defendant, based on the same factual circumstances as contained in the original application.

On March 7, 1961, the defendant, through its authorized agents, had stated in writing to the plaintiff:

"You have already been notified that your previous application was denied because you were not disabled within the meaning of the law. We have carefully reviewed the previous decision and find no basis for changing it."

This statement caused the Court to be concerned as to whether or not the two applications were in fact the same since on the original application plaintiff had stated in answer to the question:

"Q   What is the nature and extent of your impairment?

"A   Short left leg."

Whereas on the second application she had stated in answer to the question:

"Q   What is your impairment?

"A   Effect of left hip due to fall when child, also left kidney out."

Since we were considering the matter on motions for summary judgment the Court was of the opinion that there might be some factual problem raised if it did not appear from the record that on the first application the hearing examiner had not considered all of the facts

**512**

raised in the second application and precisely whether or not the addition of "also left kidney out" had been considered originally.

We accordingly directed defendant to again file additional certified copies of the record with us, which they have done, and which we have carefully considered. Furthermore, we directed that copies of all documents presented to the Court during this extended litigation be served upon plaintiff prior to final hearing and argument. This was held on December 4, 1962, at which time further briefs and arguments on behalf of the plaintiff and the Government were presented.

An examination of the record discloses the following:

The original hearing examiner stated in his report, inter alia:

"In February, 1947, she was hospitalized for a corrective operation to her left hip, and then she was again hospitalized for the removal of the left kidney in October, 1947. After her operation she was recuperating at home and then returned to work. Subsequently, she developed pains in her back. She testified that there was no involvement or difficulty with her right kidney."

It is obvious to the Court that on the original application the hearing examiner did consider not only the condition of her leg but the removal of her kidney and we can only conclude, as did the Appeals Council, that no new issue was raised by her second application. We are not presently considering the merits of her claim and whether or not, were we able to hear the matter de novo, we would grant her the benefits requested or remand the case. The issue before us is one of *procedure alone* raised by the Act of Congress and whether or not her complaint is filed within the statutory provisions of the Social Security Act and, more particularly, Section 205(g), supra.

For the purposes of clarification and to review the chronology of events, we find that following the original application the hearing examiner rendered a decision denying benefits to the plaintiff on April 7, 1960. On September 6, 1960, the Appeals Council denied her request for review and mailed to her its order with a very definitive letter stating, inter alia, that she had sixty days in which to institute an action in the appropriate Federal District Court. This the plaintiff did not do. However, on December 2, 1960, she filed a second application, above referred to, which was denied because it raised the same facts and the same issues raised in the first application. On March 7, 1961, the Social Security Administration wrote to her stating that since she did not meet the earning requirements of the Act at any time since the date of her original application, the application of December 2, 1960 would be denied and again on April 11, 1961, on further notification from the Social Security Administration, in response to a request for reconsideration, she was notified that the previous determination by the Secretary was proper and that her disability insurance benefits remained unchanged and further stated that within six months she could seek a hearing before an examiner of the Social Security Administration. Also, on September 8, 1961, a hearing examiner filed a report, above referred to, in which he stated that the issues of the original application of December 2, 1960 and the instant application were the same, whereupon a notice, dated September 8, 1961, was sent to the plaintiff specifically stating that if she wished the Appeals Council to review this decision she must do so within sixty days from that date (September 8, 1961). On November 8, 1961, the Appeals Council refused to review the case. Nothing further occurred of importance to this issue until the filing of the complaint in this Court on November 30, 1961, followed by the motion to dismiss and our present *problem of summary judgment*, which we have herein set forth.

■ In the first instance, a failure to commence an action within the sixty-day period from the final decision of the Secretary will bar the action. Frost v. Ewing, (W.D.Pa.1953), 13 F.R.D. 432.

"The right of action here sought to be enforced is one created by statute and is limited by the provisions thereof as to the time within which the right must be asserted. Such provisions operate as a condition of liability rather than as a period of limitation." Zeller v. Folsom (N.D.N.Y.1956), 150 F.Supp. 615, 617.

Plaintiff takes the position that the final administrative decision was rendered on November 7, 1961, when the Appeals Council denied plaintiff's request for review of the hearing examiner's denial of benefits. If plaintiff is correct, the complaint, having been filed on November 30, 1961, was well within the sixty-day limitation. The Government, however, argues that the sixty-day statutory period ran not from November 7, 1961, but from the decision of the Secretary, dated September 6, 1960, when the final order was entered denying her benefits. We have already found that the facts contained in the December 2, 1960 application requesting benefits were the same as those involved in the first application. To sustain plaintiff's position under such circumstances, it would appear that a plaintiff could defeat the definitely stated limitation by repeatedly filing applications based on the same set of facts. This would appear to us to be wholly inconsistent with the very positive provisions set forth in the Act of Congress.

The defendant also calls our attention to Section 205(h) of the Act, which states that:

"No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

Also, Section 205(a) provides that:

"The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this title, which are necessary or appropriate to carry out such provisions  *  *  *."

More particularly, the provisions of Social Security Administration Regulation (20 C.F.R., Section 404.937), inter alia, are as follows:

"  *   *   *   (a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision."

■   The action of the Appeals Council dismissing plaintiff's request is not a final decision of the Secretary of Health, Education and Welfare within the meaning of Section 205(g) and is not reviewable. Hatter v. Ribicoff, 199 F.Supp. 654 (D.C.Okl.1961).

■   The issue as we see it, harsh though it may be, is whether or not under the terms of this Act, when the original hearing examiner denied the application, and the Secretary denied the request for review, an appeal should have been taken to this Court within sixty days from that date as clearly expressed to the plaintiff at that time, or whether having failed to do so plaintiff could at a later date reapply on the same facts, thus avoiding the definite limitation provisions of the Act. No case of precisely the same facts has been presented to us, but we are of the opinion that the sixty-day period of limitation ran from the original decision and it could not be thwarted by a later application unless the second application was based on facts dissimilar from those contained in the original application or which might conceivably consist of a different work period having evolved since the original application. Accordingly, the following order is entered:

## ORDER

AND NOW, this 13th day of December, 1962, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is Denied;

2. Plaintiff's motion for judgment by default is Denied; and

3. Defendant's motion for summary judgment is Granted.