**Robert SHULTZ, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 67-1226.**

United States District Court
W. D. Pennsylvania.

April 15, 1968.

Ralph J. Talarigo, Portage, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., by Vincent A. Colianni, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

### OPINION AND ORDER

MARSH, District Judge.

The Secretary has moved to dismiss this action on grounds that the court lacks jurisdiction over the subject matter and that plaintiff fails to state a claim upon which relief can be granted.

In support of the motion, the Secretary urges (1) that with respect to plaintiff's two most recent applications for disability benefits, no final decision of the Secretary exists within the meaning of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for which plaintiff is entitled to obtain judicial review by commencing a civil action because no hearing was held upon these applications; and (2) that all claims and issues raised by the Complaint are res judicata because the Secretary's final decision upon plaintiff's two prior applications adjudicated the same claims for disability and considered all relevant evidence of plaintiff's impairments during the period claimed.

We earlier dismissed plaintiff's civil action No. 66-237 seeking judicial review of the Secretary's decision upon the two

prior applications, for plaintiff's failure, inter alia, to commence an action within 60 days of mailing of notice of the Secretary's final decision as required by § 205(g). (See order of this court of August 10, 1966.)

Upon the filing of the Secretary's motion to dismiss the present action, we ordered the Secretary to file a certified transcript of the entire record of proceedings relating to plaintiff's numerous applications, noting probable jurisdiction to examine the record under 5 U.S.C. § 1009(e).[1]

Upon examination of that record, we find substantial evidence supports the Appeals Council's conclusion that the hearing examiner acted correctly in dismissing plaintiff's request for a hearing upon his applications of October 10, 1966 and April 28, 1967. Acting under regulation 404.937(a), 20 C.F.R. § 404.937 (a),[2] adopted by the Secretary pursuant to authority granted by § 205(a) of the Act, 42 U.S.C. § 405(a), the hearing examiner dismissed for lack of new and material evidence warranting a reopening and revision of the examiner's decision of October 27, 1965 which became the Secretary's final decision upon the claimant's previous applications of July 2, 1964 and March 9, 1965.

Since the Secretary's previous decision is no longer reviewable, the court cannot weigh the substantiality of the evidence supporting it. The sole question on this motion is whether the present action relates to the same matters, or represents an appeal from dismissal of new claims on which plaintiff should have been granted a hearing.

We have compared claimant's applications of October 10, 1966 and April 28, 1967, which are the basis of this action, with his applications of July 2, 1964 and March 9, 1965, on which the Secretary's decision is final. We are satisfied that all make the same claims. Contrary to the averments of the Complaint, plaintiff's latest applications do not state additional grounds for claiming disability; no new impairments are mentioned such as might entitle plaintiff to an opportunity to introduce new evidence at a hearing. Evidence that plaintiff's condition is becoming progressively worse and that he has developed further complications since the examiner's previous findings were made, if such evidence exists, is not relevant to whether plaintiff was disabled on or prior to September 30, 1965 when he last met the special earnings requirements of the Act.

Our comparison of the present Complaint with the record of the administrative proceedings convinces us that the instant action is an attempt to reopen matters already determined by a final decision of the Secretary which is not reviewable. In the circumstances, the court cannot properly assist plaintiff. McCunney v. Gardner, 374 F.2d 110 (3d Cir. 1967); Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), aff'd 376 F.2d 850 (3d Cir. 1967); Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962), aff'd 319 F. 2d 530 (3d Cir. 1963).

An appropriate order will be entered.

---

1. Cf. Cappadora v. Celebrezze, 356 F.2d 1, 4–7 (2d Cir. 1966).

2. "§ 404.937 Dismissal for cause.
 "* * * *
 "(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision * * *."