**James E. FYFE**

v.

**Robert H. FINCH, Secretary, Department of Health, Education and Welfare.**

Civ. A. No. 69–364.

United States District Court,
W. D. Pennsylvania.

April 14, 1970.

---

Swope & Swope, Ebensburg, Pa., for plaintiff.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, Senior District Judge:

In this action for review of a decision by the Department of Health, Education and Welfare denying plaintiff's Application for Disability Insurance Benefits under § 216(i) of the Social Security Act, as amended, 42 U.S.C. § 416(i), and § 223(d) of the Act, as amended, 42 U.S.C. § 423(d), defendant has filed a Motion to Dismiss on the grounds that the Court lacks jurisdiction over the subject matter and that the plaintiff's Complaint fails to state a claim upon which relief can be granted. In accordance with an Order of Court entered upon receipt of the Motion to Dismiss, defendant filed a certified copy of the transcript of the record of proceedings before the Social Security Administration.

The Court has considered all records before the Secretary, the two hearings before the Court, all pleadings, evaluated and reviewed the briefs of the parties, and it appears two questions are raised:

A. Motion to Dismiss filed by the defendant based on the legal thesis that

the Court lacks jurisdiction over the subject matter and that the plaintiff fails to state a claim upon which relief can be granted, and

B. Motion of the plaintiff to remand the whole proceeding to the Secretary for the purposes of further hearing and consideration of an award made by the Pennsylvania State Workmen's Compensation Board in which said State agency by decision, subsequent to the decision which is before this Court for review, awarded the plaintiff benefits under the Pennsylvania Occupational Disease Act.

If the second mentioned issue is answered in the affirmative, disposition of the first issue need not be considered at this time.

Considerably more time has been applied and required by this Court than originally believed necessary to adjudicate the most involved and intricate questions which have been presented in this proceeding. Unfortunately for the plaintiff, there is no relief or assistance which can be given by the United States Courts under the provisions of existing law.

Does the United States District Court have authority to remand the proceeding to the Secretary for reconsideration in light of the decision of the Workmen's Compensation Board in the Commonwealth of Pennsylvania in which an award was made to the plaintiff for disability?

 No evidence was submitted by plaintiff with his previous claims for disability benefits that he had filed a workmen's compensation claim or that he had evidence in connection therewith that might bear on his Title II claim, and it may be that such evidence could warrant reopening of the plaintiff's prior application or applications. Still, it is not for the Court to pass on this issue in this proceeding. It is an issue that must be first submitted and decided by the Secretary. The only available course of action herein accordingly is for the Court to dismiss the Complaint and for the plaintiff to present his workmen's compensation data to the Sec-

retary with a request that he determine whether reopening of his prior decisions is warranted. Reopening by the Secretary of the plaintiff's first application of January 3, 1964, under Section 404.-957 now is, of course, barred because four years have elapsed from the date of the initial denial of that claim. Since the final administrative action on this application was taken on July 7, 1965, i. e., Appeals Council's denial of plaintiff's request for review of the hearing examiner's decision of May 21, 1965, it is apparent that the initial determination was made more than four years ago. But the initial determination on plaintiff's second application, filed on May 2, 1966, was entered on July 28, 1966. The four year period within which this application could be reopened for "good cause" has not yet expired and the plaintiff could still submit his workmen's compensation data for consideration by the Secretary.

The Social Security Act and the regulations promulgated thereunder contain a detailed procedure for determining benefits including the circumstances under which prior decisions on applications for benefits are *res judicata* of issues in subsequent applications. This doctrine applies because to hold otherwise would permit a claimant for social security benefits to relitigate a claim after he had failed, as allowed by the Act, to obtain further administrative and Court review of the decision on his claim and that this would run counter to the purposes and provisions of the Act. Domozik v. Cohen, 413 F.2d 5 (3d Cir., decided June 30, 1969) ; Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), affirmed 376 F.2d 850 (3d Cir. 1967) ; Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962), affirmed 319 F.2d 530 (3d Cir. 1963).

 Turning to this case, it is apparent that with his application for disability insurance benefits of May 2, 1968, his third such application, the plaintiff, as it appeared in *Domozik, Moore* and *Phillip,* is attempting to relitigate his earlier disallowed claims and as the

Court of Appeals held in the cited cases, this the plaintiff cannot be permitted to do. The adjudications made on his earlier applications are now, under the cited authorities, conclusive of the issues raised in his last application of May 2, 1968, by reason of his failure timely to pursue administrative and judicial remedies available to him following the "final decisions" of the Secretary on his first application for disability insurance benefits of January 3, 1964, and again on his second application of May 2, 1966. In other words, the decision on his first application became binding on the plaintiff through the date of the hearing examiner's decision of May 21, 1965; and the decision on the plaintiff's second application filed on May 2, 1966, which was pursued to a "final decision" of the Secretary but with respect to which Court review was not sought became final and conclusive through the period of June 30, 1967, when his insured status expired. As the plaintiff's May 2, 1968 application could involve only the period prior to the expiration of the plaintiff's insured status which was covered also by the decision on his second application, there is nothing further under the *res judicata* doctrine as applied by the Court of Appeals for the Third Circuit, that can or need be heard that was not passed on before. Under the circumstances, this Court has no alternative but to dismiss the plaintiff's suit. Domozik v. Cohen, *supra*.

This situation is analogous to Mangum v. Celebrezze, (E.D.Pa., Civil No. 34,996) reported in CCH, UIR, Vol. 1, Fed.Para. 16,342 where the Court refused plaintiff's request for remand because the action had not been commenced within the sixty day time limit specified by Section 205(g) of the Act, 42 U.S.C. § 405(g). Thus the Court recognized it had no jurisdiction stating in pertinent part as follows:

> "The review by the District Court which subparagraph (g) provides is 'a civil action commenced within sixty days' after notice of the decision sought to be reviewed. The procedure

is set out in detail. The provision relating to remand to and reconsideration by the Secretary is clear and unambiguous. The first part provides for a remand of 'the case' upon a motion by the Secretary before answer filed and the second part, without any break, goes on to provide for a remand upon good cause shown, not necessarily upon the initiative of the Secretary. Obviously, both of these procedures are intended as permissible steps in 'the case', that is, of course, a case pending in the District Court. If there is nothing in the District Court but an attempt to invoke its jurisdiction without legal warrant, there is no case even though a paper in the form of a complaint has been filed. In the situation now presented to the court there is no case of which the court has jurisdiction, because the condition which must be satisfied before resort to the court may be had, namely commencement of a suit within 60 days, has never been met."

Social Security Administration Regulations, however, provide a procedure for the reopening of a claim for benefits which might otherwise be barred from consideration by *res judicata*. Section 404.957 of Regulation No. 4 of the Social Security Administration (20 C.F.R. § 404.957) provides that upon a showing of "good cause" a claim may be reopened within four years from the date of the notice of the initial determination on an application for benefits; and the submission to the Secretary, after such determination, of "new and material evidence" may be considered "good cause" for such reopening. Section 404.958 (20 C.F.R. § 404.958). A decision to reopen, however, is clearly a discretionary decision and since the hearing examiner further determined in this case that no such "good cause" then existed for reopening the prior denials, there is no basis for any further court proceedings in this case, for the Court of Appeals for the Third Circuit has held that a determination not to reopen a prior determination is not a court re-

viewable decision. McCunney v. Gardner, 374 F.2d 110 (3d Cir. 1967).

The United States District Court for the Western District of Pennsylvania does not have the power and the authority and jurisdiction to remand this case to the Secretary of Health, Education and Welfare to include the decision of the Referee for the Pennsylvania Workmen's Compensation Board dated May 2, 1968. However, procedures are available with the administrative agency and Secretary which have been heretofore discussed.

It now becomes necessary to determine if the defendant's Motion to Dismiss should be granted based on the legal thesis that no jurisdiction exists in the Court to hear, determine and adjudicate de novo the issues and orders entered by the Secretary.

Provision for judicial review of "final decisions" of the Secretary after hearings on claims arising under Title II of the Social Security Act (hereinafter referred to as the Act) is made in, and expressly limited by, Section 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). The remedy provided therein is exclusive. Section 205(g) reads in pertinent part as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * *. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Social Security Administration Regulations No. 4 set out the administrative procedures by which a claimant may obtain a "final decision" of the Secretary. A dissatisfied claimant may obtain reconsideration of an initial determination. Sections 404.911, 404.953 (20 CFR §§ 404.911, 404.953). After reconsideration he has a right to a hearing on his claim. Sections 404.917, 404.918, 404.-954 (20 CFR §§ 404.917, 404.918, 404.-954). Following a decision of a hearing examiner after the hearing, the claimant may have that decision reviewed by the Appeals Council. To effectuate that review, he must make a request therefor in writing and file it with the Social Security Administration within sixty days from the date of the mailing of notice to him of the hearing examiner's decision. Section 404.946 (20 CFR § 404.946). Section 404.954 (20 CFR § 404.954), however, allows the Appeals Council to extend the time for requesting this review upon a written petition for such extension and for good cause shown. In the absence of such review by the Appeals Council, the decision of the hearing examiner is final and binding upon all parties to the hearing. Section 404.-940 (20 CFR § 404.940). Only after a request is made to the Appeals Council to review the decision of the hearing examiner can there be a "final decision" of the Secretary subject to judicial review within the meaning of Section 205(g) of the Act. Under applicable regulations and practice, there is a "final decision" of the Secretary if the Appeals Council grants a request for review of the hearing examiner's decision made after a hearing and renders a decision thereon, or if the Appeals Council denies a timely request for review of a hearing examiner's decision made after a hearing thereby constituting the hearing examiner's decision the "final decision" of the Secretary.

Plaintiff in this case filed three applications to establish a period of disability and for disability insurance benefits un-

der Title II of Social Security Act—January 3, 1964, May 2, 1966 and May 2, 1968. With respect to his application of January 3, 1964, he pursued and exhausted his administrative remedies and he obtained a "final decision" of the Secretary in which it was held that he was not disabled. He did not seek judicial review of this decision nor did he request of the Appeals Council an extension of time within which to file civil action for such review. The decision of the hearing examiner of May 21, 1965, which became the "final decision" of the Secretary when the Appeals Council, on July 7, 1965, denied plaintiff's request for a review of the hearing examiner's decision thereupon became conclusive of the facts and issues for the period covered by the application (Social Security Regulation No. 4, Section 404.951, 20 CFR § 404.951) and is, therefore, not subject to judicial review. Small v. Gardner, 390 F.2d 186 (1st Cir. 1968, cert. denied Small v. Cohen, 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed.2d 444 (1968); Ewing v. Risher, 176 F.2d 641 (10th Cir. 1949); Zeller v. Folsom, 150 F.Supp. 615 (E.D.N.Y.1965); Frost v. Ewing, 13 F.R.D. 432 (M.D.Pa.1953).

Plaintiff exhausted his administrative remedies with respect to his application of May 2, 1966, and obtained a "final decision" thereon. On July 19, 1967, the hearing examiner *held that plaintiff had not established that he was disabled on or before June 30, 1967, the date of the expiration of plaintiff's insured status for disability purposes* (italics supplied), under the terms of the Social Security Act either prior subsequent to the enactment of the 1965 Amendments, which amendments had amended the durational requirements as to severity. As with his application of January 3, 1964, which had decided his entitlement to a period of disability and disability insurance benefits under the Act prior to the 1965 Amendments, the decision of the hearing examiner of July 19, 1967, with respect to entitlement under the Act subsequent to the Amendments, which decision became the "final decision" of

the Secretary when on October 24, 1967, the Appeals Council declined plaintiff's request for a review of the facts and issues for the period covered by his application of May 2, 1966, and is, therefore, not subject to judicial review. Small v. Gardner, *supra;* Ewing v. Risher, *supra;* Zeller v. Folsom, *supra;* Frost v. Ewing, *supra.*

Plaintiff's third application filed on May 2, 1968, was denied initially and on reconsideration and his request for a hearing was dismissed by a hearing examiner because "good cause" for reopening the decision of July 19, 1967, did not exist and the decision of the hearing examiner of July 19, 1967, was *res judicata* of the application. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). Plaintiff last met the insured status requirements for disability purposes on June 30, 1967, on or prior to which the plaintiff must have shown that he was disabled. As the "final decision" of the Secretary was the decision of the hearing examiner issued on July 19, 1967, and the plaintiff's insured status expired on June 30, 1967, it is apparent that the decision of the hearing examiner considered the entire period during which a period of disability could have been established for the plaintiff. Evidence of a disability occurring subsequent to the expiration of the plaintiff's insured status cannot have retroactive effect. Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968); Seals v. Gardner, 356 F.2d 508 (5th Cir. 1966); Davion v. Celebrezze, 340 F.2d 606 (5th Cir. 1956); Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962), cert. denied, Heath v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1962); Jackson v. Celebrezze, 227 F.Supp. 883 (S.D.S.C.1964).

Plaintiff must have become disabled on or prior to June 30, 1967, in order to have been found entitled to disability insurance benefits under Title II of the Act, and it is equally apparent that the hearing examiner's decision of July 19, 1967, determined that he was not disabled on or before that date. Thus, the application of May 2, 1968, embraces the

same facts and issues and covers the same period of time as has been adjudicated by the decision of July 19, 1967. With respect to a series of applications filed for a claim embracing the same facts and issues, there can be no doubt that it is of the essence to the administrative process that a claim reach a state of finality. Otherwise, claims might go on *ad infinitum* as attempted here, and Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) providing for appeal to the courts under specified conditions would be nullified. Hobby v. Hodges, *supra*; Maloney v. Celebrezze, 337 F.2d 231 (3d Cir. 1964); Domanski v. Celebrezze, 323 F.2d 882 (6th Cir. 1963). The courts in a long line of decisions have upheld the doctrine of *res judicata* applied by the Secretary to claims arising under Title II of the Act. Sangster v. Gardner, 374 F.2d 498 (6th Cir. 1967); James v. Gardner, *supra;* Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), affd. 376 F.2d 850 (3d Cir. 1967); Phillip v. Ribicoff, 211 F. Supp. 510 (E.D.Pa.1962), affd. 319 F. 2d 530 (3d Cir. 1963); Hobby v. Hodges, *supra;* Williams v. Celebrezze, 243 F.Supp. 103 (E.D.Ark.1965); Rivers v. Celebrezze, 217 F.Supp. 141 (W. D.Va.1963); Salyers v. Celebrezze, 214 F.Supp. 834 (W.D.Va.1962); Boles v. Celebrezze, 210 F.Supp. 856 (W.D.Va. 1962).

Finally, the decision of the hearing examiner that the evidence submitted by plaintiff with his third application was not sufficient "good cause" to warrant a reopening by him of the "final decision" of the Secretary of July 19, 1967, is not a "final decision" of the Secretary subject to judicial review pursuant to Section 205(g), *supra.* Moore v. Celebrezze, *supra;* McCunney v. Gardner, 374 F.2d 110 (3d Cir. 1967); Phillip v. Ribicoff, *supra.* Moreover, the additional evidence presented by plaintiff would have warranted no change in the decision of July 19, 1967. The findings and diagnoses with respect to silicosis and arthritis of the spine had been considered in the July 19, 1967, decision and at any time during which plaintiff was insured there was no evidence of hypertension. As previously submitted evidence of a disability occurring after the expiration of an insured status is without retroactive effect. Thus, the decision of the Secretary that the evidence submitted by plaintiff did not warrant a reopening is entirely correct. Shultz v. Gardner, 282 F.Supp. 857 (W.D.Pa. 1968).

Since plaintiff's claim of disability under the provisions of the Social Security Act has been adjudicated and is not *res judicata,* a claim has not been stated. upon which relief can be granted. Accordingly, this action should be dismissed. Huska v. Gardner, 367 F.2d 863 (5th Cir. 1966), cert. denied 390 U.S. 965, 88 S.Ct. 1070, 19 L.Ed.2d 1165 (1968).

In these circumstances, the Court has no power under the law to assist the plaintiff. McCunney v. Gardner, 374 F. 2d 110 (3d Cir. 1967); Shultz v. Gardner, 282 F.Supp. 857 (W.D.Pa.1968); Phillip v. Ribicoff, 211 F.Supp. 510 (E. D.Pa.1962), aff'd per curiam, 319 F.2d 530 (3d Cir. 1963).

## ORDER

And now, this 14th day of April, 1970, the plaintiff's Motion to Remand to the Secretary for the purposes of further hearing and testimony is denied by reason of jurisdiction and lack of authority.

And now, this 14th day of April, 1970, upon a Motion to Dismiss filed by the defendant, and the matter having been argued and submitted and the Court being fully advised in the premises, it is ordered that the defendant's Motion to Dismiss be and it is hereby granted and the plaintiff's Complaint be and hereby is dismissed.