**Sidney HARWITZ, Administrator and sole heir of Estate of Bessie Harwitz**

v.

**Robert FINCH, Secretary, Health, Education and Welfare.**

**Civ. A. No. 70–640.**

United States District Court,
E. D. Pennsylvania.

Nov. 18, 1971.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

On December 29, 1969, the Appeals Council of the Social Security Administration of the Department of Health, Education and Welfare affirmed the decision of a hearing examiner denying plaintiff's claim to entitlement to benefits under the Social Security Act as the husband of Bessie Harwitz.[1] Notice of the Appeals Council's decision was mailed to plaintiff on that date together with advice that Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), requires that proceedings seeking judicial review of that decision must be filed within 60 days of the date of the Appeals Council's decision.

The instant complaint was filed on March 4, 1970, 65 days after the date of the Appeals Council's decision. On August 16, 1971, defendant filed a Motion to Dismiss this suit on the ground that it was untimely filed and, therefore, fails to state a claim upon which relief can be granted. Notice of the filing of the motion, together with a copy of the motion and the memorandum of law in support thereof were mailed to plaintiff on August 26, 1971.[2] Despite numerous notices from the court, plaintiff, who filed this suit *pro se*, has neither engaged counsel nor has he responded to the motion or to the affidavit which accompanied it.

Notwithstanding plaintiff's failure to file, as required by Local Rule 36, a memorandum in opposition to the government's motion to dismiss, the court has carefully examined the law on the subject and has concluded that the filing of a complaint within 60 days after the Appeals Council's decision is a condition precedent to maintaining suit. Since the right of action which plaintiff seeks to assert is one created by statute (42 U.S.C. § 405(g), (h) [3]), it is limited by that statute as to the time within which it must be brought. The time limitation is, therefore, said to be a condition of liability rather than a period of limitation. Zeller v. Folsom, 150 F.Supp. 615 (N.D.N.Y.1956); Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962), aff'd 319 F.2d 530 (3d Cir. 1963); and see Coy v. Folsom, 228 F.2d 276 (3d Cir. 1955).

It is clear from the affidavit filed by the defendant that more than 60 days elapsed between the date of the Appeals Council's decision and the filing of the instant complaint and the motion to dismiss must, therefore, be granted.

---

1. The hearing examiner's decision thus became the final decision of the Secretary of Health, Education, and Welfare. See 20 C.F.R. § 404.951 (1971).

2. See "Affidavit of Notice" (document No. 5).

3. 42 U.S.C. § 405(g) and (h) provide, in pertinent part:

 "(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * *

 "(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. * * * "